UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. CASS III, a/k/a
JUSTIN STEVENS,

    Plaintiff,                                Civil No. 05-CV-72102-DT
                                               HONORABLE PATRICK J. DUGGAN
v.
HUGH WOLFENBARGER, et. al.,

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on JUNE 14, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, challenging Defendants' calculation of his prison sentence. Plaintiff is a state prisoner currently confined at the Macomb Correctional Facility in New Haven, Michigan. Plaintiff claims Defendants violated his Eighth and Fourteenth Amendment rights in that they extended his sentence beyond the five year maximum sentence set forth in his plea agreement. For the reasons stated below, the complaint must be dismissed.

District courts are required to conduct an initial review of all civil cases brought by prisoners. 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c)(1); *see McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). Such review shall be conducted

before the complaint is docketed or as soon as practicable thereafter.  *Id*.  A district court must *sua sponte* dismiss any complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(2).

In the present case, Plaintiff contends that Defendants have miscalculated his maximum release date on his sentence.  Specifically, Plaintiff argues that in calculating the amount of his sentence he has served, Defendants have erred in not including the period from December 4, 1999– when he absconded from prison– until September 14, 2002– the date he was apprehended and returned to prison.  This Court finds that Plaintiff has not stated a claim upon which Section 1983 relief may be granted.

The Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S. Ct. 2364, 2369 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 1835-37 (1973)).  Prisoners have no right to money damages for allegedly unlawful confinement under § 1983 unless they can demonstrate that their convictions or sentences were reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87, 114 S. Ct. at 2372.  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under

§ 1983." *Id*. at 487, 114 S. Ct. at 2372 (emphasis in original).

Plaintiff has not demonstrated that his conviction or sentence has been invalidated by a state tribunal or called into question by the issuance of a writ of habeas corpus by a federal court.  A judgment in plaintiff's favor in this case would necessarily imply that his continued incarceration is invalid.  Plaintiff's claim therefore is not cognizable under § 1983 and the complaint must be dismissed.[1]

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

                  s/PATRICK J. DUGGAN
                  UNITED STATES DISTRICT JUDGE

Copy to:
James N. Cass III, a/k/a Justin Stevens
#250285
Macomb Correctional Facility
34625 26 Mile Road
Macomb, MI  48048

---

[1] When a plaintiff's § 1983 claims are dismissed under *Heck*, *supra,* the claims should be dismissed without prejudice. *Diehl v. Nelson*, No. 98-2148, 1999 WL 1045076, *1 (6th Cir. November 12, 1999)(unpublished op.)(citing *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).