UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. CASS III, a/k/a
JUSTIN STEVENS,

      Plaintiff,                     Civil No. 05-CV-72102-DT
                                       HONORABLE PATRICK J. DUGGAN

v.
HUGH WOLFENBARGER, et. al.,

      Defendants,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
REINSTATEMENT, MOTION FOR APPOINTMENT OF COUNSEL, AND
MOTION FOR APPOINTMENT OF LEGAL EXPERT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 9, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter comes before the Court on Plaintiff's motion for reinstatement, motion for appointment of counsel, and motion for appointment of legal expert, all filed March 3, 2006.  Plaintiff initially filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, challenging Defendants' calculation of his prison sentence.  On June 14, 2005, this Court issued an Opinion and Order of Summary Dismissal, holding that Plaintiff failed to state a claim upon which Section 1983 relief may be granted.  As the Court stated, "[t]he Supreme Court has held that 'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

1

release . . .'" 6/14/05 Op. and Order (quoting *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S. Ct. 2364, 2369 (1994)).

In his motion for reinstatement, Plaintiff claims that he is entitled to Section 1983 relief based on Defendants' imposition of a sentence for his 2002 felony firearm conviction consecutive to a 1996 drug conviction. For the reasons set forth in the June 14, 2005 Opinion and Order, this Court finds that Plaintiff still has not stated a claim upon which Section 1983 relief may be granted. Prisoners have no right to money damages for allegedly unlawful confinement under Section 1983 unless they can demonstrate that their convictions or sentences were reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372. Plaintiff has not demonstrated that his conviction or sentence has been invalidated by a state tribunal or called into question by the issuance of a writ of habeas corpus by a federal court.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for reinstatement is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for appointment of counsel is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for appointment of legal expert is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copy to:
James N. Cass III, a/k/a Justin Stevens #250285
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI  48048